UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:
TAVERN ON THE GREEN LIMITED
PARTNERSHIP and LEROY ADVENTURES, INC.,          1:13-cv-03076-LAK


                              Debtors.
------------------------------------------------------------X

JILL MAZER-MARINO,
as Chapter 7 Trustee for TAVERN ON THE
GREEN LIMITED PARTNERSHIP and LEROY
ADVENTURES, INC.,

                         Plaintiff,
               - against -

BALTER SALES CO., INC.,

                         Defendant.
------------------------------------------------------------X

## APPELLANT'S BRIEF

                                        */s/ Michael McGuire*
                                        Michael McGuire, Esq.
                                        Hollyer Brady LLP
                                        60 East 42nd Street, Suite 1825
                                        New York, NY 10165
                                        Phone: (212) 661-1903
                                        Email: mcguire@hollyerbrady.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………………………… 2

JURISDICTIONAL STATEMENT…………………………………………………………………… 4

STATEMENT OF THE ISSUES……………………………………………………………………… 4

STATEMENT OF THE CASE………………………………………………………………………… 6

STATEMENT OF FACTS……………………………………………………………………………... 6

SUMMARY OF ARGUMENT………………………………………………………………………... 7

ARGUMENT…………………………………………………………………………………………... 8

CONCLUSION………………………………………………………………………………………… 14

CERTIFICATE OF SERVICE………………………………………………………………………… 15

APPENDIX……………………………………………………………………………………………… 16

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)……………………………………………………… 9, 10, 12

*Balderman v. U.S. Veterans Admin.*,
    870 F.2d 57 (2d Cir. 1989)……………………………………………….. 9, 10

*Bay Harbour Management, L.C. v. Lehman Bros. Holding, Inc. (In re Lehman Bros. Holdings, Inc.)*,
    2009 WL 667301 (S.D.N.Y. March 13, 2009)………………………………… 8

*Cruden v. Bank of New York*,
    957 F.2d 961 (2d Cir. 1992)………………………………………………… 10

*Denker v. Uhry*,
    820 F. Supp. 722 (S.D.N.Y. 1992)……………………………………….. 9

*D.H. Blair & Co., Inc., v. Gottdiender, et al.*,
    462, F.3d 95, 110 (2d Cir. 2006)…………………………………………… 9

*In re Frigitemp Corporation*,
    34 B.R. 1000, **26 (S.D.N.Y. 1983)……………………………………….. 12

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)………………………………………………………… 9, 10

*Rule v. Brine*,
    85 F.3d 1002, 1011 (2d Cir. 1996)………………………………………… 8, 14

*Stone v. City of Mount Vernon*,
    118 F.3d 92 (2d Cir. 1997)…………………………………………………… 9

*United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*,
    363 F.3d 1099, 1101 (11th Cir. 2004)……………………………………… 9

*Vt. Teddy Bear Co. v. 1-800 BearGram Co., et al.*,
    373 F.3d 241, 244(2d Cir 2004))…………………………………………… 9

**Statutes**

11 U.S.C. § 547(b)………………………………………………….......  9, 11, 12

11 U.S.C. § 547(c)(1)……………………………………………………  7, 11, 12, 13

11 U.S.C. § 547(c)(4)……………………………………………………..      7, 11, 12, 13

Fed. R. Civ. P. 56……………………………………………………........      9, 13

## JURISDICTIONAL STATEMENT

This is an appeal of the Order and Judgment (the "Order") (Dkt. No. 34) of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered on March 21, 2013 granting summary judgment to Jill Mazer Marino, as Chapter 7 Trustee for Tavern on the Green Limited Partnership and Leroy Adventures, Inc. (the "Trustee"). The Bankruptcy Court vacated transfers aggregating $31,503.14 made to Balter Sales Co. Inc. ("Appellant") in the ninety day period prior to the September 9, 2009 filing of the bankruptcy petition by Tavern on the Green Limited Partnership and Leroy Adventures, Inc. ("Debtors").

The Bankruptcy Court entered the Order on March 21, 2013. Appellant filed a timely notice of appeal of the Order on March 26, 2013 (Dkt. No. 35). On April 10, 2013, Appellant filed its designation of items to be included in the record of appeal and statement of issues to be presented on appeal (Dkt. No. 36). The Trustee filed its counter-designation and statement of issues on April 24, 2013 (Dkt. No. 37).

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1) and Federal Rules of Bankruptcy Procedure 8001, *et seq.*

## STATEMENT OF THE ISSUES

1. Whether the Bankruptcy Court erred in granting Trustee's Motion for Summary Judgment?

2. Whether the Bankruptcy Court erred in granting the Trustee's Motion for Sanctions?

3. Whether the Bankruptcy Court erred in granting the Trustee's Motion for Sanctions in the amount of $5,466.75.

4. Whether the Bankruptcy Court was correct when it held that (i) the Trustee made out a prima facie case that Appellant received transfers, aggregating $31,503.14 (the "Transfers"), during the 90 day period prior to the September 9, 2009 filing of the

petition that where to or for the benefit of Appellant, a creditor of Tavern, for and on account of antecedent debts, and made while Tavern on the Green, L.P. ("Tavern") was insolvent, all within the meaning of section 547 of title 11 of the United States Code (the "Bankruptcy Code"), and that the transfers allowed Appellant to receive more than it would receive in a chapter 7 liquidation; and (ii) Appellant did not sustain any defense to the Trustee's Complaint, nor did Balter make any opposition to the Motion for Summary Judgment?

5.  Whether the Bankruptcy Court was correct in avoiding each of the Transfers, pursuant to Bankruptcy Code section 547, and holding that Appellant is liable to the Trustee in the amount of $31,503.14, pursuant to Bankruptcy Code section 550?

6.  Whether the Bankruptcy Court was correct in holding that pursuant to Bankruptcy Code section 502(d), any claim filed by Appellant against the Debtors, including Claim Number 140, filed on October 19, 2009, shall be disallowed until such time as Appellant pays the Trustee $31,503.14?

7.  Whether the Bankruptcy Court was correct in holding that, pursuant to Federal Rule of Civil Procedure 37(a)(5), as made applicable herein by Federal Rule of Bankruptcy Procedure 7035, Appellant is liable to pay the fees and expenses, including attorney's fees, of the Trustee in making the *Trustee's Motion, Pursuant to Bankruptcy Rule 7037 And Federal Rule 37(A), To Compel The Defendant To Produce Documents And For The Imposition Of Sanctions*, and that the Trustee's fees and expenses aggregated to $5,466.75?

8.  Whether the Bankruptcy Court was correct in entering judgment against Appellant in the amount of $36,969.89, which sum is comprised of: (i) the Trustee's fees and expenses in

the amount of $5,466.75, awarded on January 16, 2013, pursuant to Federal Rule of Civil Procedure 37(a)(5); and (ii) the aggregate of the avoided Transfers, in the amount of $31,503.14, pursuant to Bankruptcy Code section 550?

## STATEMENT OF THE CASE

The Debtors' filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on September 9, 2009 (Dkt. No. 28). The Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code by order of the court, dated March 10, 2010, and on March 11, 2010, the Trustee was appointed the interim chapter 7 trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a) (Dkt. No. 28). Following a duly convened meeting of the creditors, Jil Mazer-Marino became the permanent trustee (Dkt No. 28).

On September 2, 2011, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") with the clerk of the United States Bankruptcy Court for the Southern District of New York (Dkt. No. 1). Appellant filed its answer on October 4, 2011 (Dkt. No. 5). Trustee filed its Motion for Summary Judgment on February 25, 2013 (Dkt. No. 26). The Bankruptcy Court issued the Order ruling against Appellant on March 21, 2013 (Dkt. No. 34).

## STATEMENT OF FACTS

Appellant is a restaurant supply company (Dkt. No. 5). During the 90-day period prior to the September 9, 2009 filing of the bankruptcy petition (the "Preference Period"), Debtors made seven payments to Appellant, totaling $31,502.86 (the "Payments"), for restaurant supplies delivered prior to the Preference Period to Debtors' Tavern on the Green restaurant ("Tavern") (Dkt. No. 26-2 at 62-65). During the Preference Period, Appellant delivered sixteen separate orders of restaurant supplies to Debtors, thirteen of which occurred after Appellant received one or more of the Payments (Dkt No. 26-2 at 38-53).

This case commenced when the Trustee filed suit on September 2, 2011, seeking to recover all of the Payments from Appellant as preferential transfers (Dkt. No. 1). Appellant filed its answer on October 4, 2011, and stated that most, if not all, of the alleged preferential transfers were offset by new value, and, in any case, that the payments were made in the ordinary course of business (Dkt. No. 5).

The Trustee moved for summary judgment on February 25, 2013 (Dkt. Nos. 26 and 27). The Trustee's motion for summary judgment only sought judgment on the issue of whether the transfers were preferential under 11 U.S.C. § 547(b), and did not address Appellant's 11 U.S.C. § 547(c) affirmative defenses, which were raised in its answer (Dkt. No. 27). Appellant elected not to answer as it had become clear that Appellant's legal fees were rising, and Appellant does not contest that the transfers met the five prerequisites under 11 U.S.C. § 547(b). The Bankruptcy Court issued the Order on March 21, 2013, granting summary judgment for the Trustee, and requiring Appellant to repay all Payments that Appellant received during the Preference Period (Dkt. No. 34).

## SUMMARY OF THE ARGUMENT

The record clearly shows that Appellant provided supplied Debtors with restaurant supplies with a total value of $24,488.50 during the Preference Period and contemporaneously or subsequently to receiving the Payments (Dkt. No. 26-2 at 38-53, and 62-65). The record clearly shows that these shipments were contemporaneous and subsequent new value (*Id.*). Material facts remain to be answered—specifically whether the Payments can be avoided despite the defenses to the preference action afforded in 11 U.S.C. § 547(c)(1) and 11 U.S.C. § 547(c)(4). The Trustee has not met its "burden of showing that no genuine material fact exists and that the

undisputed facts entitle it to judgment as a matter of law." *Rule v. Brine*, 85 F.3d 1002, 1011 (2d Cir. 1996). The Bankruptcy Court's Order should be reversed.

## STANDARD OF REVIEW

This Court, vested with appellate jurisdiction over the rulings of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), reviews the legal conclusions of the Bankruptcy Court *de novo*, and may reverse the findings of fact of the Bankruptcy Court when they are clearly erroneous. *Bay Harbour Management, L.C. v. Lehman Bros. Holding, Inc. (In re Lehman Bros. Holdings, Inc.)*, 2009 WL 667301 (S.D.N.Y. March 13, 2009) (*citing AppliedTheory Corp. v. Halifax Fund, L.P. (In re AppliedTheory Corp.)*, 493 F.3d 82, 85 (2d Cir. 2007)). Mixed questions of law and fact are reviewed "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Id.* (*citing Italian Colors Rest. V. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 (2d Cir. 2009)).

## ARGUMENT

### I.     It Was Error As A Matter Of Fact And Law To Issue Summary Judgment In Favor Of Appellee

The Trustee argued in its summary judgment motion argued that the Payments during the 90 day period prior to the petition were preferential transfers under 11 U.S.C. § 547(b) (Dkt. No. 27). It raised no other issues in its motion, and it did not address Appellant's 11 U.S.C. § 547(c) affirmative defenses (*Id.*). The Bankruptcy Court exceeded its authority when it decided not only that the transfers were preferential under 11 U.S.C. § 547(c), but also that Appellant's defenses under Appellant's 11 U.S.C. § 547(c) had no merit.

"[A] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact

remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *D.H. Blair & Co., Inc., v. Gottdiender, et al.*, 462, F.3d 95, 110 (2d Cir. 2006) (*citing Vt. Teddy Bear Co. v. 1-800 BearGram Co., et al.*, 373 F.3d 241, 244(2d Cir 2004)); *see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion."). Unopposed motions for summary judgment must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law. *Vt. Teddy Bear Co.*, 373 F.3d at 244 (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)). In this matter, the Bankruptcy Court based its award of summary judgment on the fact that Appellant declined to oppose the motion. Appellant agrees that the transfers met the five prerequisites under 11 U.S.C. § 547(b).

Summary judgment is appropriate where the pleadings, responses to discovery requests, and admissions on file demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). There is no genuine issue of fact when the record, taken as a whole, could not lead the trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Denker v. Uhry*, 820 F. Supp. 722 (S.D.N.Y. 1992), aff'd without op, 996 F.2d 301 (2d Cir. 1993). In deciding the motion, the court must review the evidence in the light most favorable to the non-moving party, and will draw all factual inferences in favor of the party against whom summary judgment is sought. *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57 (2d Cir. 1989); *Stone v. City of Mount Vernon*, 118 F.3d 92

(2d Cir. 1997) (court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought). Thus, summary judgment will be granted only when no reasonable trier of fact could find in favor of the non-moving party. *Cruden v. Bank of New York*, 957 F.2d 961 (2d Cir. 1992).

The Bankruptcy Court, in its Order granting summary judgment to the Trustee, misconstrues the summary judgment standard (Dkt. No. 34). The Bankruptcy Court states that "the Trustee's Motion for Summary Judgment makes out a <u>prima facie</u> case that the Defendant received transfers during the 90 day period prior to the filing of the petition. . ." (Dkt. No. 34 at 2). The Bankruptcy Court then goes on to note "**Whereas**, no opposition to the Motion was filed on the docket of this proceeding or received by the Trustee and the Defendant has not sustained any affirmative defense to the Complaint[.]" *Id*. Summary judgment requires more than the moving party to make out a prima facie case. *See Anderson*, 477 U.S. 242; *see also Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. 574. Further, the non-moving party is not required to sustain its affirmative defenses, nor is it required to file opposition papers. *Id*.; *see also D.H. Blair & Co., Inc.*, 462, F.3d at 110. In granting summary judgment, the Bankruptcy Court was required to resolve all ambiguities in favor of Appellant, and only to grant summary judgment if the Trustee demonstrated that there is no genuine issue of material fact. *Balderman*, 870 F.2d 57; *Stone*, 118 F.3d 92. The Trustee failed to do so.

The record is littered with evidence supporting the Appellant's defenses. Documentary evidence in the record establishes that Appellant shipped goods, constituting new value, to Tavern during the Preference Period, subsequent to receiving the payments that the Trustee seeks to avoid. Records of Appellant's shipments to Debtors and Debtors' payments to Appellant were attached as Exhibits E and G, respectively, to the Declaration of Jil Mazer-Marino (Dkt. No. 26-

2 at 38-53 and 62-65, respectively), and were included in the Trustee's motion for summary judgment (Dkt. Nos. 26 and 27). Contemporaneous or subsequent new value provided to Tavern would constitute a complete defense to the instant preference action. *See* 11 U.S.C. § 547(c)(1); 11 U.S.C. § 547(c)(4). The Trustee's motion for summary judgment does not establish that there are no genuine issues of material fact, and does not even address the issue of contemporaneous or subsequent new value (Dkt. Nos. 26 and 27). This failure to establish the absence of any genuine issue of material fact precludes the granting of judgment as a matter of law. Appellant's Answer alleges that the transfers at issue were contemporaneous exchange for new value, were made in the ordinary course of business, and constituted new value in excess of the amount of the transfers (Dkt. No. 5 ¶¶ 26-34). The documentary evidence provided by the Trustee in support of its motion for summary judgment clearly supports these assertions (Dkt. No. 26-2 at 38-53 and 62-65). The Trustee did not move for summary judgment on Appellant's 11 U.S.C. § 547(c) defenses, and rests its whole argument on the fact that Appellant received the Payments based upon an antecedent debt during the Preference Period (Dkt. No. 27 at 6).

The Trustee does note that "In the ninety day period prior to the Petition Date, Balter Sales supplied Tavern with goods in connection with the Debtors' Tavern on the Green restaurant" (Dkt. No. 27 at 2; Dkt. No. 26-1 ¶ 9). Appellant's actions, in supplying the goods, create an absolute defense to the Trustee's action to avoid the Payments. *See* 11 U.S.C. § 547(c)(1); *see also* 11 U.S.C. § 547(c)(4). The availability of these defenses to the instant action creates a genuine issue of material fact, and precludes judgment as a matter of law.

The Trustee's summary judgment motion is, in fact, a motion for partial-summary judgment under 11 U.S.C. § 547(b). *See In re: Anderson Homes, Inc.*, 2012 Bankr. LEXIS 2368 (E.D.N.C. 2012). Similar to this case, in In re: Anderson Homes, Inc., the trustee was granted

summary judgment under 11 U.S.C. § 547(b), but the trustee did not move for summary judgment regarding the defendant's 11 U.S.C. § 547(c) defenses. *Id*. The trial was allowed to continue, with the 11 U.S.C. § 547(c) defenses left to be tried. *Id*. Here, the Trustee did not address the 11 U.S.C. § 547(c) defenses that Appellant raised, and its motion is better understood as a motion for partial-summary judgment (Docket Nos. 26 and 27).

For purposes of a motion for summary judgment, a factual issue is material if its resolution could affect the outcome of the lawsuit. *Anderson*, 477 U.S. at 248. Whether a fact is material is determined by the substantive law of the case. *Id*. Section 547(c)(1) of the Bankruptcy Code prevents a transfer from being avoided if the transfer was "intended by the debtor and creditor . . . to be a contemporaneous exchange for new value given to the debtor" and was "in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1). The bankruptcy laws also protect generous creditors, such as Appellant, who extend credit to an insolvent business under the "net result rule," or the "subsequent advance theory." *In re Frigitemp Corporation*, 34 B.R. 1000, **26 (S.D.N.Y. 1983); 11 U.S.C. § 547(c)(4). Under this theory, the Trustee cannot avoid any transfers for which there was an equal or greater amount of new value subsequently provided. *Id*. These defenses are applicable to the instant proceeding, and the Bankruptcy Court's decision to grant summary judgment to the Trustee was in error.

Appellant's records of its shipments to Tavern establish that Appellant made sixteen separate shipments to Tavern on the Green during the ninety day period prior to the Petition Date, thirteen of which took place after Appellant received one of the Payments (Dkt. No. 26-2 at 38-53 and 62-65). Debtors' payments to Appellant, and Appellant's subsequent shipment of new value to Debtors, contained in Dkt. No. 26-2 at 38-53 and 62-65, are summarized below:

| Date | Payment from Tavern to Appellant | New Value Shipped to Tavern from Appellant |
|---|---|---|
| 6/16/2009 | $2,000.00 | |
| 6/24/2009 | | $2,174.00 |
| 6/29/2009 | | $572.22 |
| 7/6/2009 | | $109.46, $221.09 |
| 7/7/2009 | | $22.76 |
| 7/8/2009 | $4,997.75 | |
| 7/8/2009 | | $4,595.10 |
| 7/14/2009 | $6,682.75 | |
| 7/17/2009 | | $1,920.19 |
| 7/20/2009 | $4,753.36 | |
| 7/27/2009 | $5,000.00 | |
| 8/3/2009 | $3,000.00 | |
| 8/3/2009 | | $3,103.37 |
| 8/7/2009 | | $3,592.88 |
| 8/13/2009 | | $2,341.25 |
| 8/14/2009 | | $1,282.00 |
| 8/21/2009 | | $3,785.58 |
| 8/24/2009 | $5,069.00 | |
| 8/26/2009 | | $768.60 |

These shipments were substantially contemporaneous exchange for new value. 11 U.S.C. § 547(c)(1). These shipments also constitute new value to or for the benefit of the Debtors in an amount in excess of the amount of the transfers. These shipments were not secured by an otherwise unavoidable security interest, and the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the defendant on account of the new value. 11 U.S.C. § 547(c)(4). The transfers at issues cannot be avoided.

Appellant has raised several defenses in this proceeding. These defenses find clear support in the record. The Trustee did not move for summary judgment on Appellant's 11 U.S.C. § 547(c) defenses. Awarding summary judgment on issues that were not raised in the motion papers eviscerates the purpose of Fed. R. Civ. P. 56, which requires the court to decide all factual inferences in favor of the non-moving party. The Trustee has not met its "burden of showing that

no genuine material fact exists and that the undisputed facts entitle it to judgment as a matter of law." *Rule v. Brine*, 85 F.3d 1002, 1011 (2d Cir. 1996).

## <u>CONCLUSION</u>

For the foregoing reasons, Appellant Balter Sales Co. Inc. respectfully requests that this Court vacate the Bankruptcy Court's Order and grant such other and further relief as this Court deems just and proper.


Dated: May 21, 2013

                              */s/ Michael McGuire*
                              Michael McGuire, Esq.
                              Hollyer Brady LLP
                              60 East 42nd Street, Suite 1825
                              New York, NY 10165
                              Phone: (212) 661-1903
                              Email: mcguire@hollyerbrady.com

CERTIFICATION OF SERVICE

I, Michael McGuire, certify that on May 21, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Michael McGuire*

# APPENDIX

11 USC § 547 - Preferences

(a) In this section--

  (1) "inventory" means personal property leased or furnished, held for sale or lease, or to be furnished under a contract for service, raw materials, work in process, or materials used or consumed in a business, including farm products such as crops or livestock, held for sale or lease;

  (2) "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation;

  (3) "receivable" means right to payment, whether or not such right has been earned by performance; and

  (4) a debt for a tax is incurred on the day when such tax is last payable without penalty, including any extension.

(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--

  (1) to or for the benefit of a creditor;

  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

  (3) made while the debtor was insolvent;

  (4) made--

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

  (5) that enables such creditor to receive more than such creditor would receive if--

    (A) the case were a case under chapter 7 of this title [11 USCS §§ 701 et seq.];

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 101 et seq.].

(c) The trustee may not avoid under this section a transfer--

  (1) to the extent that such transfer was--

    (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

    (B) in fact a substantially contemporaneous exchange;

  (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--

16

(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B) made according to ordinary business terms;

(3) that creates a security interest in property acquired by the debtor--

(A) to the extent such security interest secures new value that was--

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 30 days after the debtor receives possession of such property;

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor--

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

(5) that creates a perfected security interest in inventory or a receivable or the proceeds of either, except to the extent that the aggregate of all such transfers to the transferee caused a reduction, as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of any amount by which the debt secured by such security interest exceeded the value of all security interests for such debt on the later of--

(A) (i) with respect to a transfer to which subsection (b)(4)(A) of this section applies, 90 days before the date of the filing of the petition; or

(ii) with respect to a transfer to which subsection (b)(4)(B) of this section applies, one year before the date of the filing of the petition; or

(B) the date on which new value was first given under the security agreement creating such security interest;

(6) that is the fixing of a statutory lien that is not avoidable under section 545 of this title [11 USCS § 545];

(7) to the extent such transfer was a bona fide payment of a debt for a domestic support obligation;

(8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $ 600; or

(9) if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $ 6,225.

(d) The trustee may avoid a transfer of an interest in property of the debtor transferred to or for the benefit of a surety to secure reimbursement of such a surety that furnished a bond or other

17

obligation to dissolve a judicial lien that would have been avoidable by the trustee under subsection (b) of this section. The liability of such surety under such bond or obligation shall be discharged to the extent of the value of such property recovered by the trustee or the amount paid to the trustee.

(e) (1) For the purposes of this section--

   (A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and

   (B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

   (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made--

   (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);

   (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or

   (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of--

      (i) the commencement of the case; or

      (ii) 30 days after such transfer takes effect between the transferor and the transferee.

   (3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

(g) For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section.

(h) The trustee may not avoid a transfer if such transfer was made as a part of an alternative repayment schedule between the debtor and any creditor of the debtor created by an approved nonprofit budget and credit counseling agency.

(i) If the trustee avoids under subsection (b) a transfer made between 90 days and 1 year before the date of the filing of the petition, by the debtor to an entity that is not an insider for the benefit

18

of a creditor that is an insider, such transfer shall be considered to be avoided under this section only with respect to the creditor that is an insider.